# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TRAVIS HAWKINS,

    Defendant.

Case No. CR08-0066

ORDER FOR PRETRIAL DETENTION

On the 26th day of November, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Sean R. Berry. The Defendant appeared personally and was represented by his attorney, F. David Eastman.

## RELEVANT FACTS

On November 19, 2008, Defendant Travis Hawkins was charged by Superseding Indictment (docket number 15) with possession of a sawed-off shotgun (Count 1) and possession of a firearm with an obliterated serial number (Count 2). Defendant entered a plea of not guilty and trial is scheduled for January 20, 2009.

These charges arise from a home invasion which occurred during the early morning hours of July 19, 2008. A husband and wife awoke to find two intruders in their bedroom, including one armed with a sawed-off shotgun. Following a struggle, the intruder was disarmed and fled. The homeowners immediately called police.

A short time later, a vehicle regularly used by co-Defendant Chad Jones (and owned by his girlfriend) was seen in the vicinity. The car was not stopped at that time, but Jones

and Defendant Travis Hawkins were interviewed by law enforcement authorities later that day. Also interviewed at a later time was Chad Jones' brother, Jake Jones.

According to the proffer made by Mr. Berry at the hearing, Jake Jones provided authorities with details regarding the events of that night. The shotgun had been purchased by Jake Jones' father and given to him earlier. A few weeks prior to the incident, Chad Jones, Jake Jones, and Defendant altered the shotgun by sawing off the barrel and obliterating the serial number.

Defendant was "good friends" with the daughter of the homeowners and she provided Defendant with the security code to the house. The homeowner reported to law enforcement that the intruders must have had the security code, because the homeowner set the code when he went to bed and it would have sounded an alarm if it had not been disarmed. Defendant had been to the house previously and was familiar with the layout.

According to Jake Jones, his brother Chad and Defendant entered the house, while he remained in the car. Jake Jones reported that Defendant was wearing a stuffed bra in an attempt to make it look like one of the intruders was a female. Law enforcement authorities have a photograph of Defendant wearing the bra described by Jake Jones. The photograph is time-dated approximately one hour prior to these events.

Jake Jones told law enforcement authorities that after they fled the scene, they threw a bag of clothes out the window of the car. The bag was recovered by law enforcement authorities and contained car keys belonging to Defendant. Also recovered was the bra. Another witness will testify that the bra was hers and was stolen when Chad Jones and Defendnat were present. A second witness will testify that he saw Jake Jones, Chad Jones, and Defendant together shortly after this incident. A third witness will testify that he heard Defendant talking about the robbery some time prior to the incident.

According to the Pretrial Services Report, Defendant is 20 years old, has never been married, and has no children. He has lived his entire life in Eastern Iowa and was living

with his brother in Stanwood prior to his arrest. Defendant's parents also live in Stanwood and he could live with them if released pending the trial.

Defendant graduated from high school and briefly attended Hawkeye Community College. He is unemployed, but would be able to return to work as a union iron worker. Defendant has no history of medical or mental health problems. Defendant admits drinking alcohol "every other weekend," but denies that he is a "heavy drinker" notwithstanding a pending OWI charge. Defendant admitted that he smoked marijuana "a few times" when he was 17 years old. Defendant's only prior criminal record consists of a conviction for "disorderly house" earlier this year.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to" offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with

3

possession of a sawed-off shotgun and possession of a firearm with an obliterated serial number, which are offenses enumberated in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, many of the factors found in Section 3142(g) weigh in favor of Defendant's release prior to trial. Defendant is young, has a limited prior criminal record, and has long ties to the community. While Defendant is currently unemployed, he can apparently get his job back. It does not appear that he has a substantial alcohol or drug problem. The Court concludes, however, that these factors are

outweighed by the nature and seriousness of the incident which gives rise to the instant charges, and the danger that would be posed to the community by Defendant's release. The evidence is substantial that Defendant participated in the planning and execution of an armed home invasion in the middle of the night. Obviously, these events constitute a substantial danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (November 24, 2008) to the filing of this Ruling (November 26, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 26th day of November, 2008.

JON STUART SCOLES United States
Magistrate Judge NORTHERN
DISTRICT OF IOWA